IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America | Crim. No. 4:07-cr-00769-TLW |
| v. | **Order** |
| Donnie Wayne Sheffield | |

This matter comes before the Court for consideration of the *pro se* motion for relief pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure filed by Defendant Donnie Wayne Sheffield. For the reasons stated below, the motion is denied.

Defendant was convicted at trial of one count of Felon in Possession of a Firearm. He was sentenced to 120 months, and judgment was entered on August 26, 2008. ECF No. 114. He filed a direct appeal and the Fourth Circuit affirmed on April 2, 2010. *United States v. Sheffield*, 372 F. App'x 364 (4th Cir. 2010).

Petitioner timely filed a § 2255 petition, ECF No. 180, and after much briefing, the Court denied the petition, ECF No. 228. He filed a direct appeal and the Fourth Circuit affirmed on March 22, 2013. *United States v. Sheffield*, 514 F. App'x 375 (4th Cir. 2013).

On March 27, 2015, about six-and-a-half years after Defendant's judgment of conviction was entered, about five years after the Fourth Circuit affirmed his conviction, and about two years after the Fourth Circuit affirmed this Court's denial of his § 2255 petition, he filed the instant motion under Rule 60(b)(3), seeking to set aside his conviction.[1] He asserts that he is

---

[1] Rule 60 is a rule of civil procedure, so it is not clear that it applies in this context, as he seeks to set aside his criminal conviction. He appears to recognize that the usual method of attempting to set aside a criminal conviction—a § 2255 petition—is unavailable to him because he has previously filed a § 2255 petition and has not obtained permission from the Fourth Circuit to file a second or successive petition. *See* ECF No. 258 at 1 ("Plaintiff does not attempt a second or successive 28 U.S.C. § 2255 motion, his petition is an independant [sic] action pursuant to

entitled to relief because the transcript of the cross-examination of one of the Government's witnesses is not an accurate reflection of the witness's actual testimony.

Rule 60 allows a district court to grant relief from a final judgment for fraud. Fed. R. Civ. P. 60(b)(3). If the basis for relief asserted in a Rule 60(b) motion could have been raised on appeal, the motion must be denied as "an inappropriate substitute for an appeal." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011); *see also Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) ("It is a well settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal."); *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) ("A Rule 60(b) motion may not substitute for a timely appeal."). Additionally, a motion under Rule 60(b)(3) must be made within "a reasonable time," and in no event more than a year after the entry of judgment. Fed. R. Civ. P. 60(c)(1).

The Court concludes that Defendant's motion was not made within a reasonable time or within a year after the entry of judgment. As noted above, this motion was filed about six-and-a-half years after his judgment of conviction was entered, about five years after the Fourth Circuit affirmed his conviction, and about two years after the Fourth Circuit affirmed this Court's denial of his § 2255 petition. Any discrepancy in the trial transcript would have been available to him during his direct appeal. Accordingly, the Court concludes that his motion was not timely filed. *See, e.g.*, *Wadley v. Equifax Info. Servs., LLC*, 296 F. App'x 366, 368 (4th Cir. 2008) (concluding that an almost-two-year delay was not reasonable); *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1177–78 (10th Cir. 2005) (affirming district court's conclusion that an almost-one-year delay was not reasonable) *McLawhorn v. John W. Daniel & Co.*, 924 F.2d 535, 538

---

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 [(1944)]."). However, even if Rule 60 were the proper vehicle to challenge his conviction, he would not be entitled to relief for the reasons set forth in this order.

(4th Cir. 1991) (affirming district court's conclusion that a three-month delay was not reasonable).

For these reasons, Petitioner's Rule 60(b)(3) motion, ECF No. 258, is **DENIED**.

**IT IS SO ORDERED**.

s/ *Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

July 21, 2015
Columbia, South Carolina